**STATE OF MONTANA,**
    **Plaintiff,**                                    **No. DDC-04-211**
**vs.**                                                **Decision**

**DAVID LAMBERT,**
**Defendant.**

On March 31, 2005, the defendant was sentenced to Fifteen (15) years in the Montana State Prison, with ten (10) years suspended, to run concurrently with any sentence the Defendant is serving in Cause No. ADC-03-322, for the offense of Driving Under the Influence of Alcohol or Drugs, 4th or subsequent offense, a felony.

On August 9, 2005, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Matthew McKittrick. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence be affirmed and this matter be remanded to Judge Dirk Sandefur, in Cascade County, to address the inconsistent provisions listed in the March 31, 2005 Amended Judgment of Conviction and Sentencing Order. They are as follows: **Page #2, line #23**: " (2) The Defendant is prohibited from driving any motor vehicle, whether licensed or not, in the State of Montana." **Page #4, line #5**: "12. The Defendant shall not operate a motor vehicle unless authorized by the Probation & Parole officer and if authorized, the vehicle will be equipped with an ignition interlock system."

Done in open Court this 9th day of August, 2005.

DATED this 17th day of August, 2005.

Chairperson, Hon. Gary L. Day, Member, Hon. John Whelan and Member, Hon. Randal I. Spaulding.